# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRYAN ANDREWS,
and SUSAN ANDREWS,
          Plaintiffs,

    v.                                      Case No. 05C0454

CHEVY CHASE BANK, FSB,
          Defendant.

## DECISION AND ORDER

### I. BACKGROUND

On April 20, 2005, plaintiffs Bryan and Susan Andrews brought this suit against defendant, Chevy Chase Bank, FSB, alleging that defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., by making inadequate disclosures concerning the terms of plaintiffs' home loan. Plaintiffs sought class action status and, among other relief, a declaration that they and class members were entitled to rescind their loans. Under TILA, a borrower may rescind a loan within three days, but if the lender fails to make material disclosures, the three day period is extended by three years. After the three-year period has expired, the lender's liability to any borrower who has not put it on notice of her intent to rescind is extinguished. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998). Thus, the provision extending the period of rescission is a statute of repose rather than a statute of limitations, as a statute of limitations does not extinguish liability but rather provides that a cause of action must be brought within a certain period of time.

On January 16, 2007, I certified the suit as a class action and appointed plaintiffs class representatives. I also concluded that defendant had violated TILA in material respects and accordingly that the class members' right of rescission was extended by three years. Subsequently, the Seventh Circuit granted defendant's request to appeal my class certification decision. The appeal is currently pending, and I stayed further proceedings pending its resolution. Plaintiffs now move for a determination of whether the filing of the class action tolled the running of the three-year rescission period.

## II. JURISDICTION

I first address whether I have jurisdiction to resolve the issue. Generally speaking, once a notice of appeal is filed, a district court is divested of jurisdiction over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). The rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issue before two courts simultaneously. Natural Res. Def. Council v. S.W. Marine, 242 F.3d 1163, 1166 (9th Cir. 2001). In the present case, the Seventh Circuit permitted defendant to appeal my class certification decision pursuant to Fed. R. Civ. P. 23(f). A Rule 23(f) appeal is limited to issues that relate to the propriety of class certification. In re Lorazepam & Clorazepate Antitrust Litig., 289 F.3d 98, 106 (D. C. Cir. 2002); McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 295 F.3d 380, 390 (3d Cir. 2002) (quoting the Advisory Committee's statement that Rule 23(f) review does not extend "to any other type of order, even where that order has some impact on another portion of Rule 23"); see also Bertulli v. Indep. Ass'n of Cont'l Pilots, 242 F.3d 290, 294 (5th Cir. 2001); Carter v. W. Publ'g Co., 225 F.3d 1258, 1262 (11th Cir. 2000).

2

The issue of whether the filing of a class action tolls the rescission period is unrelated to whether class certification was proper. Thus, resolution of the issue will not waste judicial resources or cause confusion. Further, because all class members have a stake in the issue, the class representatives appropriately raised it. If the filing of the class action did not toll the running of the rescission period, defendant's liability to any class member who does not notify it of her intent to rescind within the three year period will be extinguished. If, however, the filing of the class action tolled the three-year period, each class member may take advantage of the April 2005 filing date.

Thus, I have jurisdiction to resolve plaintiffs' motion. Further, to the extent that I must temporarily lift the stay in order to decide the motion, I will exercise my discretion to do so. See Blair v. Equifax Check Servs, Inc., 181 F.3d 832, 835 (7th Cir. 1999).

### III. TOLLING

The filing of a class action tolls a statute of limitations as to the members of the class from the time class certification is requested until such time as certification is denied, if that occurs. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350, 352-55 (1983); American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974). Thereafter, class members must file individual suits to protect their interests. American Pipe, 414 U.S. at 554. Because a class action complaint "commences the action for all members of the class as subsequently determined," to hold that a period of limitations was not tolled in the interim would "frustrate the principal function of a class suit," as potential class members would be required to file individual actions or intervene to protect their rights. American Pipe, 419 U.S. at 550-551. The tolling rule is consistent both with Rule 23, which is designed to promote litigative efficiency and with the purposes of statutes of limitations,

3

which are to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. Id. at 554-56.

Although the Supreme Court has held that equitable tolling does not apply to statutes of repose, Lampf v. Gilbertson, 501 U.S. 350, 363-63 (1991), that holding is not applicable to the present case because the tolling that plaintiffs seek is legal rather than equitable in nature. Joseph v. Wiles, 223 F.3d 1155, 1166-68 (10th Cir. 2000); see also Official Comm. of Asbestos Claimants v. Heyman, 277 B.R. 20, 31 (S.D.N.Y. 2002); In re Discovery Zone Sec. Litig., 181 F.R.D. 582, 600 n.11 (N.D. Ill.1998); Salkind v. Wang, No. 93-10812,1995 WL 170122, *2-*3 (D. Mass. Mar. 30, 1995).

> Joseph explains why American Pipe rather than Lampf governs the present case:
>
> > Lampf . . . [is] not relevant in the present context because the tolling that Mr. Joseph seeks is legal rather than equitable in nature. Equitable tolling is appropriate where, for example, the claimant has filed a defective pleading during the statutory period or where the plaintiff has been induced or to tricked by his adversary's conduct into allowing the filing deadline to pass . . . . In contrast, the tolling Mr. Joseph claims is the legal tolling that occurs any time an action is commenced and class certification is pending.
>
> > The Supreme Court addressed this type of tolling in American Pipe, where it held in the context of a statute of limitation that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." The Court expanded this rule in Crown, Cork & Seal Co. Lampf did not overrule or even mention these cases, and we are not persuaded the three are incompatible. In fact, Lampf states that the "litigation . . . must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation," indicating that the commencement of the action is the event which triggers tolling.
>
> > Tolling the limitations period for class members while class certification is pending serves the purposes of Rule 23 of the Federal Rules of Civil Procedure governing class actions. Rule 23 encourages judicial economy by eliminating the need for potential class members to file

4

individual claims. If all class members were required to file claims in order to insure the limitations period would be tolled, the point of Rule 23 would be defeated.

. . . .

Tolling the limitations period while class certification is pending does not compromise the purposes of statutes of limitation and repose.

. . . .

Statutes of repose are intended to demarcate a period of time within which a plaintiff must bring claims or else the defendant's liability is extinguished. Here, the claim was brought within this period on behalf of a class of which Mr. Joseph was a member. Indeed, in a sense, application of the American Pipe tolling doctrine to cases such as this one does not involve "tolling" at all. Rather, Mr. Joseph has effectively been a party to an action against these defendants since a class action covering him was requested but never denied. See, e.g., In re Discovery Zone Sec. Litig., 181 F.R.D. 582, 600 n. 11 (N.D. Ill.1998) (finding statute of repose "legally tolled" while party was a putative class member) (citing Crown, Cork, and American Pipe). Defendants' potential liability should not be extinguished simply because the district court left the class certification issue unresolved. Consequently, we conclude that American Pipe tolling applies to the statute of repose governing Mr. Joseph's action.

Joseph, 223 F.3d at 1166-68 (internal citations omitted).

In the present case, as in American Pipe and Joseph, a ruling that the filing of the class action tolled the statute of limitations/repose serves the purposes of Rule 23 and does not compromise the purposes of the three year period of rescission. If every member of a class had to individually put a defendant on notice of his or her claim, the point of class actions would be defeated. Further, the class action served the purpose of providing defendant with notice of the nature of the claim and enabled defendant to identify class members. Finally, nothing in TILA suggests that Congress intended to bar tolling in circumstances such as these.

5

## IV. CONCLUSION

Therefore, for the foregoing reasons,

**IT IS ORDERED** that plaintiffs' motion for declaration of the effect of tolling on right to rescind is **GRANTED** as described herein.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a reply is **DENIED AS MOOT.**

Dated at Milwaukee, Wisconsin this 25 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge