# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIAN ANDREWS**, et al.,
    **Plaintiffs,**

v.                                                        Case No. 05-C-0454

**CHEVY CHASE BANK FSB**,
    **Defendant.**

## DECISION AND ORDER

Plaintiffs Bryan and Susan Andrews brought this putative class action against the bank that held the mortgage on their home, defendant Chevy Chase Bank FSB, alleging that defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. I granted summary judgment to plaintiffs on their TILA claim, concluding that defendant violated TILA, and that as a result, plaintiffs could rescind their loan.[1] I also granted plaintiffs' motion for class certification, but defendant appealed that decision and prevailed on appeal. Because plaintiffs prevailed on their TILA claim, they rescinded their $191,000 mortgage, were credited with $41,677.21 of interest and fees and avoided payment of $17,698.32 of deferred interest. In addition, defendant was required to repair plaintiffs' credit status.

Because plaintiffs prevailed on their TILA claim, they are entitled to "the costs of the action, together with a reasonable attorney's fee." 15 U.S.C. § 1640(a)(3). Before me now is plaintiffs' motion for an award of fees in the amount of $318,921.96, representing

---

[1] I concluded that plaintiffs could not recover statutory damages.

$275,000[2] for the work of Kevin Demet ("Kevin") and $43,927.96 for the work of Donal Demet ("Donal"). Plaintiffs also seek reimbursement for expenses in the amount of $15,927.96 ($14,297.96 for Kevin and $239.25 for Donal). Defendant does not dispute that plaintiffs are entitled to an award of fees and expenses but argue that I should award much less than plaintiffs request. Defendant suggests that I award plaintiffs no more than $35,000 in fees and $867.21 in expenses.

The starting point for determining a reasonable fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhardt, 461 U.S. 424, 434 (1983). Multiplication of these two amounts results in a lodestar, which is presumed to be a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). However, after determining the lodestar, I may adjust the fee upward or downward based on a variety of factors, the most important of which is the results obtained. Hensley, 461 U.S. at 434.

In the present case, plaintiffs argue that $350 per hour is reasonable for the services provided and defendant does not disagree. I have no reason to believe that such rate does not reflect the market rate or is otherwise inappropriate. Therefore, I conclude that $350 per hour is a reasonable hourly rate.

With respect to the number of hours on which I base the initial fee calculation, I must exclude hours not reasonably expended on the litigation. Id. at 434. As the Supreme Court explained in Hensley:

---

[2]This sum appears to include one hour of work performed by "Pauline" at $80 per hour and 5.75 hours of work performed by "Staff 60" at $60 per hour ($345). Thus Kevin claims reimbursement for 784.5 hours of his own work at $350 per hour or $274,575.

2

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.

Id. (citations, quotations and emphasis omitted). In other words, "there is a point at which thorough and diligent litigation efforts become overkill." Okla. Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991).

A district court has considerable discretion when addressing a request for fees, but it may not act arbitrarily. If it eliminates hours from a request because they are excessive, it must provide a "concise but clear explanation" for its action. Smith v. Great Am. Restaurants, Inc., 969 F.2d 430, 439 (7th Cir. 1992) (quoting Tomazzoli v. Sheedy, 804 F. 2d 93, 97 (7th Cir. 1986)). However, where appropriate, a district court may "cut the number of hours by a lump sum." EEOC v. AIC Investigations, Ltd., 55 F.3d 1276, 1288 (7th Cir. 1995) (quoting Tomazzoli, 804 F. 2d at 97). The Seventh Circuit has endorsed this approach "as a practical means of trimming fat from a fee application; it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application." Id. (quoting Tomazzoli, 804 F.2d at 97).

In the present case, the parties agree that because plaintiffs ultimately did not succeed in obtaining class certification, they may not obtain compensation for hours expended in connection with the effort to obtain such certification. Unfortunately for plaintiffs' counsel, one effect of this is that much of the work that they performed in the present case (including their work on a petition for certiorari to the Supreme Court) will be

3

uncompensated. However, as stated, plaintiffs are entitled to an award of fees and expenses for hours reasonably expended on their individual TILA action. Plaintiffs request reimbursement for a total of 909.99 hours for the work of Kevin and Donal plus 6.75 hours for the work of staff. Defendant opposes plaintiffs' request on several grounds, including that plaintiffs include hours that were expended on the class certification effort or that were otherwise unnecessary, plaintiff includes hours that were redundant (defendant asserts that Donal's work duplicated Kevin's), and that plaintiffs include an excessive number of hours in relation to the work performed. I turn now to defendant's objections.

Defendant first asserts that plaintiffs seek reimbursement for hours that were likely spent on the class certification issue rather than TILA issues. Defendant supports this assertion by noting that Kevin claims that he spent only 149.90 hours on class certification in the district court whereas he spent many more, 772.50 hours, on appeal. However, the record does not contain evidence enabling me to conclude that plaintiffs are seeking reimbursement for hours spent on class certification. I also note that at the district court level, the TILA issues were much more complicated than the class certification issue. The TILA issues were novel and difficult while the class certification question seemed relatively straightforward. Not until the First Circuit decided <u>McKenna v. First Horizon Home Loan Corp</u>, 475 F.3d 418 (1st Cir. 2007), subsequent to my certification of a class, did the class certification question become problematic.

Defendant next contends that 114.5 hours that plaintiffs claim for discovery-related work must have been related to class certification or were otherwise unnecessary because plaintiffs' TILA claims were resolved based on documents. However, defendant deposed plaintiffs in connection with their TILA claim, thereby requiring plaintiffs to prepare for the

4

depositions. Further, defendant developed a defense to plaintiffs' TILA claim based on the purported misrepresentations of a mortgage broker, thus requiring plaintiffs to engage in discovery regarding that matter. Based on timesheets, plaintiffs' counsel worked about 53 hours on discovery relating to these two issues. These hours seem to be related to plaintiffs' TILA claim. However, plaintiffs claim that Kevin worked about 61 additional discovery-related hours, and many of the billing entries concerning this work are vague. Possibly some of the discovery-related conferencing was related to the TILA claim, but a significant portion of the remaining hours seem unnecessary. Therefore, I will reduce plaintiffs' discovery-related hours by 58.

Defendant next contends that 60.45 hours that plaintiffs claim for counsels' work with experts were also related to class certification or otherwise unnecessary. Plaintiffs respond that they retained accountant Thomas J. Groble and regulatory compliance specialist Mark Vandeventer in an effort to counter defendant's in-house expert. I cannot say that counsel should not have spent time consulting with experts, but their billing statements do not make clear how many of their "expert consultations" related to TILA issues and how many to class certification issues. Much of Vandeventer's report relates to loans to persons other than plaintiffs – information that seems primarily related to class certification issues. I will therefore reduce Plaintiff's expert-related hours by a total of 40 hours.

Defendant next argues that some of Kevin and Donal's claimed hours were duplicative. However, I see no entries that clearly disclose duplicative work. And, it was not unreasonable for both Demets to work on the case given the small size of the Demet firm and the case's complexity. Defendant itself employed the services of two large law

5

firms.

Finally, defendant argues that plaintiffs seek reimbursement for time that is excessive in relation to the work performed. As stated, I may reduce the number of hours claimed for reimbursement if they are excessive. Hensley, 461 U.S. at 434. Hours can be excessive is if they are disproportionate to the number of hours normally associated with the task performed. Conte, Attorneys Fee Awards 3d § 4:25. Defendant's excessiveness argument is twofold. First, defendant objects to several specific claimed outlays of time – 255.7 hours for preparing briefs on the summary judgment motion, 38.55 hours for a variety of procedures before I stayed proceedings in the TILA action while the class certification issue was pending on appeal, and 48.5 hours for work performed after the stay. Second, more generally, defendant contends that plaintiffs seek reimbursement for far more hours than can reasonably be justified for their individual TILA action – which was resolved on a summary judgment motion with minimal discovery.

As stated, defendant first argues that the 255.7 hours claimed by plaintiffs for preparing briefs supporting their summary judgment motion is excessive. While the issues presented by the motion were complex, I agree with defendant that 255.7 hours, which amounts to close to six and a half weeks of work, is more than can be justified. Thus, I will reduce plaintiffs' summary judgment related hours by 125.

Defendant next objects to 38.55 of plaintiffs' claimed hours, which it contends involved work that was unsuccessful or unrelated to plaintiffs' individual claims. Defendant specifically objects to 12.5 hours claimed for opposing defendant's application for a stay of the case while defendant appealed my class certification order. Plaintiffs' opposition to a stay was unsuccessful. Also, I disagree with plaintiffs' contention that they would have

6

obtained a significant benefit had I ruled in their favor. Therefore, I decline to approve these hours. Plaintiffs' counsel's records also disclose 4 hours for work on cases other than plaintiffs' and a number of hours for work on unspecified communications, which I also will not approve. Therefore, I will cut 19 hours from this billing category.

Defendant next contends that 48.5 hours claimed by plaintiffs for work performed after I granted the stay is excessive. I agree. While it may have been necessary for counsel to spend some time dealing with ongoing problems concerning the loan, including bills that defendant apparently continued to send, 48.5 hours is more than can be reasonably justified. I will disallow 40 of these hours.

Defendant next argues that I should disallow a substantial number of additional hours because plaintiffs simply claim an excessive number of reimbursable hours for litigating an individual TILA claim. As stated, plaintiffs seek reimbursement for a total of 916.74 hours, including counsel's work and that of counsel's staff. I have disallowed 98 hours as unnecessary (58 claimed in connection with discovery and 40 in connection with experts) and 184 hours as excessive (125 in connection with the summary judgment motion, 19 in connection with various procedural matters, and 40 of the post-stay hours). This brings plaintiffs' claimed reimbursable hours to 627.99 hours for counsel and 6.75 hours for counsel's staff. I agree with defendant that even this reduced number of hours is far higher than plaintiffs' individual TILA claim warrants. In this respect, I emphasize that plaintiffs' TILA action required minimal discovery, no trial preparation and no trial. It would be very unusual for a lawyer to be able to reasonably and successfully bill a client for 628 hours at a rate of $350 per hour for a case that was resolved on a summary judgment motion with limited discovery. Thus, to avoid a number of hours that is disproportionate

7

to the time typically associated with the work performed, I will cut additional hours.

However, defendant suggests that I reduce the number of hours by many more than can be justifiably cut. While plaintiffs claim an excessive number of hours, this case was far more complicated than a run-of-the-mill TILA case (if there is such a thing). Insofar as I am aware, this was the first TILA action involving the adequacy of disclosures regarding adjustable rate mortgages. The case presented novel and difficult issues, and plaintiffs' counsel ably researched and developed them. Further, even though plaintiffs cannot be reimbursed for hours expended on the effort to achieve class certification, the fact that at the time they pursued the TILA action, the possibility that they would ultimately represent a class of borrowers justified the expenditure of considerable time on the TILA claim.

Nevertheless, as stated, the number of hours for which plaintiffs seek reimbursement remains excessive. In going over plaintiffs' counsel's bill, several categories of billing entries in addition to those discussed seem excessive. Plaintiffs seek reimbursement for some 128 hours in non-client meetings and communications. The subjects to which the communications related are unclear but in any case, this number of hours seems quite disproportionate to an individual TILA case. Therefore, I will cut it by 80 hours.

In addition to the hours claimed for work on the summary judgment motion, plaintiffs seek reimbursement for some 95.55 hours in research and drafting. This also seems far more than an individual TILA action can justify. I will therefore cut this number of hours by 60.

Finally, in addition to the hours claimed for client communication in categories already discussed, plaintiffs seek reimbursement for almost 43 hours of client

8

communications with Kevin. This again is excessive for an individual TILA action. I will cut 25 hours from this billing entry.

Thus, in addition to 282 hours previously cut, I have reduced plaintiffs' hours by 165. After the reductions, plaintiff's reimbursable hours for the work of Kevin and Donal total 462.99. This is still a high number for an individual TILA case, but as stated, this case raised complicated and novel TILA issues and was very hard fought. Overall, I conclude that 462.99 hours constitutes a reasonable number of hours expended. Thus, the lodestar equals 462.99 hours times $350 per hour plus $425 for the work of staff, or a total of $162,046.50.

As stated, the lodestar is presumed to be a reasonable fee, but I may adjust it up or down based on a variety of factors, the most important of which is the results obtained. In measuring the results obtained, I may consider both plaintiffs' monetary recovery and any principles or precedent that they established as well as any harm that they prevented. Zagorski v. Midwest Billing Servs., Inc., 128 F.3d 1164, 1167 (7th Cir. 1997). Defendant requests that I adjust the lodestar downward, but I decline to do so.

Defendant contends that plaintiffs achieved less success than it appears because in 2005 defendant offered to settle the case by converting plaintiffs' adjustable rate mortgage to a thirty-year, five percent fixed rate mortgage plus $31,000 and $69,000 in attorney's fees. In awarding fees, it is appropriate to consider substantial settlement offers as a factor. Moriarty V. SVEC, 233 F.3d 955, 967 (7th Cir. 2000) (stating "an offer is substantial if . . . the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party."). However, for several reasons, I cannot reasonably characterize defendant's offer as substantial. First, defendant made no formal

9

offer under Rule 68 of the Federal Rules of Civil Procedure. Defendant's offer was designed to avoid setting a precedent, which other potentially aggrieved mortgagors could rely on either individually or as a class. And, in 2005, the possibility of class relief was still very real. For this reason alone, it was reasonable for plaintiffs to decline defendant's offer. In addition, defendant's offer was not substantial, both because it did not provide an amount roughly equal to the damages plaintiffs recovered and because it did not enable plaintiffs to rescind their mortgage, repair their credit and find a different lender.

Another reason not to decrease the lodestar is that plaintiffs recovered a great deal in their individual TILA action. They were credited with $41,677.21 of collected interest and fees, avoided payment of an additional $17,698.32 of deferred interest, and reached an agreement with defendant to repair their credit report status. The right of rescission allowed plaintiffs to void an obligation totaling $337,118.24 and find a new TILA-compliant lender. Plaintiffs also obtained a judgment creating an important precedent relating to the right to rescind an adjustable rate mortgage after inadequate disclosure of a variable interest rate. Except for their request of statutory damages, plaintiffs obtained everything that they asked for in their individual case. Moreover, they obtained these benefits in a highly contentious litigation with a large financial institution represented by large and able law firms.

Finally, I review the expenses submitted by plaintiffs. The majority of the claimed costs are fees for experts Groble ($6,800) and Vandeventer ($7,500). However, expert witness expenses may not be calculated as part of attorneys' fees or general litigation costs except as allowed by specific provisions of fee-shifting statutes. T.D. v. LaGrange School Dist. No. 102, 349 F.3d 469, 481 (7th Cir. 2003); Bankston v. Illinois, 60 F.3d 1249, 1257 (7th Cir. 1995). Title 15 U.S.C. §1640(a)(3) does not specifically authorize a TILA

10

plaintiff to recover expert witness fees but rather "the costs of the action, together with a reasonable attorney's fee." Thus the expert fees are only recoverable if they qualify under the statute as attorney's fees or "costs of the action." Attorney fees and expert fees are distinct items of expense and thus a statutory authorization for an award of attorney fees does not include an award of expert fees. W Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 92 (1991). Likewise, the phrase "costs of the action" must be read in harmony with 28 U.S.C. § 1920 (providing for taxation of costs), and thus does not include fees for an expert witness unless appointed by the court. Id. at 87 n.3.; see also Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 411 (7th Cir. Ill. 1999) (nontestifying expert fees are not recoverable as "costs of the action" under 29 U.S.C. § 216(b)). Therefore the expert fees are not recoverable, and I will disallow them.

Even if expert fees were recoverable, I would still deny them. As discussed, I cannot ascertain from plaintiffs' submissions how much of Vandeventer's work related to TILA issues and how much related to class certification issues. I would therefore deny his fee as unrelated to plaintiffs' TILA claim. I would also deny Groble's $6,500 fee as unreasonable. His report is simply a legal interpretation of the truth in lending disclosure statement and a legal opinion on its compliance with TILA. Although it was reasonable for plaintiffs' counsels to spend time consulting with financial experts while preparing plaintiffs' case, it was not reasonable to procure expert opinions on legal issues, which it is the responsibility of the court to decide. See United States v. Caputo, 517 F.3d 935, 942 (7th Cir. 2008).

The expenses requested by plaintiffs are otherwise reasonable and justifiably incurred. I will therefore award expenses in the amount of $867.21.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that plaintiffs' motion for an award of costs and fees is **GRANTED** and that plaintiffs are awarded a fee in the amount of **$162,046.50** and costs in the amount of **$867.21**, for a total award of **$162,913.71.**

Dated at Milwaukee, Wisconsin this 12 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge